Ross and WIFE v. WELLS.

One of the makers of a note is not a competent witness to invalidate it.

ASSUMPSIT in the Circuit Court of Wilcox county, by Wells against Ross and wife on a promissory note made by Mrs Ross, while sole and William J. M'Carroll payable to Wells.  The writ issued against Ross and wife and M'Carroll jointly, not being executed on M'Carroll, the

JANUARY 1827.

Ross and Wife
v.
Wells.

suit was discontinued as to him. Issues on the pleas of non assumpsit, failure of consideration and fraud in obtaining the note. Verdict and judgement for the plaintiff.

On the trial, the defendants offered M'Carroll as a witness, to prove that the consideration of the note was three negro girls, sold by plaintiff to Mrs Ross, and warranted to be sound and healthy, and that one of them was unsound and of no value. The Circuit Court decided that he was incompetent; to which the defendants excepted, and here assigned this matter as error.

GORDON, for plaintiffs in error.

The note was for $950, the verdict for $330. It is then fair to conclude that two of the negroes had been paid for, and that the evidence was to shew an entire failure of consideration. But there was issue also on the plea of fraud, and the evidence would have went to sustain this plea; a partial failure of consideration is a good defence in this action. [a]

a Peak's Cas. 61.
Esp. Rep. 261.
6 East 110.
7 John. 385.

But as to the main question: The witness was competent unless his testimony went to impeach the note in the hands of an innocent holder, or the verdict and judgement in this case would be evidence for him. The decisions in England and the United States are not uniform in excluding the testimony of a joint maker not sued, to prove the note void. [b] It is true, a joint maker is not competent to prove that the note in the hands of the endorsee was originally void, but he may prove that it has been paid, [c] or altered, [d] or transferred after due, [e] not the property of the holder, [f] void for want of a stamp; [g] that a fraud was practised on his co-maker, or in fine any thing which does not establish fraud in the witness. [h] The note here was in the hands of the payee against whom the fraud is alleged, and not in the hands of an innocent endorsee. [i]

b 1 Term 300. 1 Ca.
257. 4 Mass. 156.
Ch. Hills 398,&c.
2 John. 167.  14
John. 270. 2 Dal.
194. Peak's Ev.
8, 40, 224.
7 Term 601.
c 3 Mass. 27.
d 7 Mass. 470.
e 1 Cain. 258. 10
John. 231. 1 Day
301.
f 7 Mass. 199.
g 7 Term 601.

h Myers v Parmer

i 18 John 352. 1
Philips' Ev. 233.
Peaks' Ev. 41,47.

THORINGTON, for defendant in error.

The evidence was to prove a partial failure of consideration. As to this point, I will content myself with saying that the law is well settled against the position taken on the other side.

As to M'Carroll's competency, he was incompetent to shew that the note in its creation was void. The general policy of the country forbids that any one should join as one of the makers in the note, and afterwards be admitted by his testimony to impeach it. [k] The cases cited on the

k 1 Term 296. 3
Term 34, 36. 7
Term 597. 1 H.
Black. 308. 2
Dal. 194. 2 John.
165. 15 John. 270
1 Cains 258.

other side are, where makers or endorsers have been permitted to testify as to facts which occurred after and not before they had put their names to the note. But was not the witness interested? In an action against him on the note, would not a verdict obtained by the influence of his testimony in the case against Ross and wife, have had its effect? But he was a joint maker, and on a recovery against the other maker they might call on him to contribute, and might use the record as evidence against him.

JUDGE TAYLOR delivered the opinion of the Court.

WE are of opinion that the Circuit Court was right in excluding the witness, and that one maker of a note cannot be introduced by another, to invalidate the instrument.

Let the judgement be affirmed.

JUDGE SAFFOLD not sitting.